# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHANE HAYES
ADC#143929                                                                                          PETITIONER

VS.                                 5:11CV00172 JMM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Shane Hayes. (Docket entry #2). Before addressing Petitioner's

habeas claim, the Court will review the procedural history of the case in state court.

On February 3, 2009, Petitioner pleaded guilty, in Perry County Circuit Court, to: (1) two counts of manufacturing methamphetamine; (2) one count of delivery of methamphetamine; and (3) one count of furnishing a prohibited article in jail. (Docket entry #7-1). He was sentenced to an aggregate twenty-year term of imprisonment. *Id*.

On July 1, 2011, Petitioner initiated this federal habeas action. (Docket entry #2). He argues that the ADC has miscalculated his "transfer" or parole eligibility date. Petitioner states that the ADC has informed him that he will be eligible for parole in February of 2019. According to Petitioner, he should be eligible for parole in April of 2018, and the ADC is not properly crediting him for time that he spent in jail. He requests that the Court order the ADC to recalculate his transfer eligibility date.

Respondent argues that: (1) Petitioner has not stated a cognizable habeas claim; (2) the claim is not yet ripe; and (3) the claim fails on the merits.[1] (Docket entry #11).

---

[1] On January 20, 2012, the Court ordered Petitioner to file a Reply addressing Respondent's arguments. (Docket entry #8). He failed to do so.

For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice, so that Petitioner can exhaust his available state court remedies.[2]

## II. Discussion

There is nothing in the record indicating that Petitioner has pursued any claims in state court challenging the calculation of his parole eligibility. A habeas petitioner must exhaust his available state-court remedies as a prerequisite to federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Furthermore, as a matter of comity, a federal court should not review a habeas claim by a state prisoner until the state courts have had an opportunity to review the claim and correct any error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).

The State of Arkansas allows a state prisoner to challenge the computation of his sentence, including parole eligibility. The available state court remedies include the filing of a "petition for declaratory judgment and writ of mandamus" in the circuit court "in which . . . the Director or keeper of the records of the Arkansas

---

[2] The failure of a habeas petitioner to exhaust available remedies in state court may be raised by the *Court sua sponte*. *See e.g. Wallace v. Hobbs*, 2012 WL 2675473, *4 (E.D. Ark. June 14, 2012); *Cincoski v. Hobbs*, 2011 WL 3861179, *5 (E.D. Ark. July 11, 2011).

4

Department of Correction is located."[3] *See Houston v. State*, 2003 WL 1950248 (Ark. Apr. 24, 2003) (unpublished per curiam). Arkansas prisoners have utilized these remedies to seek judicial review of the ADC's alleged miscalculation of a projected parole eligibility date. *See Houston*, *supra*; *Shackelford v. Terry*; 2002 WL 1303381 (Ark. June. 13, 2002) (unpublished per curiam) (alleged miscalculation of parole eligibility date was cognizable in a petition for declaratory judgment and writ of mandamus); *accord Shabazz v. Norris*, 76 F.3d 382 (8th Cir. 1996) (unpublished decision) (dismissing § 2254 petition for failure to exhaust and stating that inmate disagreeing with computation of his parole eligibility and release dates could file state-court actions for declaratory judgment and mandamus against the ADC to have the records corrected).

Accordingly, the Court concludes that Petitioner has not exhausted his habeas claim in state court. To properly challenge the ADC's calculation of his transfer eligibility date, Petitioner should file a state-court petition for a "petition for declaratory judgment and petition for a writ of mandamus" in Jefferson County Circuit Court, against Ray Hobbs, Director, Arkansas Department of Correction, and whomever is the ADC "keeper of the records." If the state trial court does not grant Petitioner relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the denial of relief, Petitioner may then continue

---

[3] *See* Ark. Code Ann. § 16-111-101, *et seq.* (declaratory judgments); Ark. Code Ann. § 16-115-101, *et seq.* (writs of mandamus).

to pursue his claim by filing a timely petition for a writ of habeas corpus in federal court.[4]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 7th day of October, 2013.

                                                            _____
                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] A § 2254 habeas action must be initiated within one-year from the conclusion of direct review in the Arkansas Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A).